CLERK'S OFFICE U.S. DIST COURT
AT ROANOKE, VA
FILED

APR 28 2010

JOHN F. CORCORAN, CLERK
BY:
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| W. CLARKSON MCDOW, JR., ) <br> UNITED STATES TRUSTEE ) <br> FOR REGION FOUR, ) <br> Appellant, ) <br>  ) <br> v. ) <br>  ) <br>  ) <br>  ) <br> DAVID V. DUDLEY, ) <br> Appellee. ) | Civil Action No. 7:09cv00336 <br><br> Bankruptcy Case No. 08-71561RKR <br><br><br> **MEMORANDUM OPINION** <br><br> By: Samuel G. Wilson <br> United States District Judge |

This is a bankruptcy appeal purportedly pursuant to 28 U.S.C. § 158(a)(1) by the United States Trustee from a determination by the Bankruptcy Court that the means testing provision of 11 U.S.C. § 707(b)(1), which was intended to proscribe abusive filings, does not apply to a case that has been converted from Chapter 13 to Chapter 7 of the Bankruptcy Code (the Code). The Bankruptcy Court held that the means testing provision of Chapter 7 applies only to petitions filed under that chapter and that, under the clear language of the Code, a petition filed under Chapter 13 and converted to Chapter 7 is not filed under Chapter 7. According to the Bankruptcy Court, Code § 707(a), nevertheless, provides it with "the necessary authority to dismiss abusive filers that seek to avoid the Means Test." This court considers its jurisdiction *sua sponte*, and even with the liberal interpretation of finality often applied to bankruptcy appeals, agrees with the majority of federal courts that have considered the question and concludes that a bankruptcy court's refusal to dismiss a bankruptcy case as abusive or filed in bad faith is not a final judgment subject to appeal under 28 U.S.C. § 158(a)(1). Consequently, because the order the Trustee appeals is not a final order and requires certification for interlocutory review, and certification has been neither sought nor granted, the court dismisses the appeal.

## I.

Dudley filed a petition in the Bankruptcy Court for relief under Chapter 13 together with an Official Form 22C, the Chapter 13 "Statement of Current Monthly Income and Calculation of Commitment Period and Disposable Income" which every Chapter 13 debtor must complete. On the form, Dudley included monthly mortgage payments for two homes totaling $5,221.93. One of the homes was Dudley's primary residence and the other a secondary residence that Dudley planned to surrender. After an objection by one of Dudley's creditors, the Chapter 13 Trustee filed a motion to dismiss Dudley's petition, maintaining that the payments for the second home were improperly included on Form 22C because Dudley intended to surrender that property. In response, Dudley filed a motion to convert his case to Chapter 7, which the Bankruptcy Court granted.

The United States Trustee then filed a motion to dismiss Dudley's Chapter 7 case under 11 U.S.C. § 707(b)(1), which provides that a court "may dismiss [or convert] a case filed by an individual debtor under [Chapter 7] whose debts are primarily consumer debts... if it finds that the granting of relief would be an abuse of the provisions of [that] chapter." The Trustee contended that Dudley's Chapter 7 case was presumptively abusive under § 707(b)(2), which mandates the application of a formulaic "means test" to determine the debtor's ability to repay creditors. If the debtor's monthly income is above the threshold level under § 707(b)(2)'s means test, his filing is considered to be presumptively abusive. According to the Trustee, Dudley did not satisfy the means test, and his filing, therefore, was presumptively abusive. Dudley countered that §§ 707(b)(1) and (2) applied only to individual debtors who *originally filed* their case in Chapter 7, and not to those whose cases were converted to Chapter 7. The Bankruptcy

Court agreed with Dudley and held that a plain reading of § 707(b)(1) restricted the application of that section to only those cases originally filed under Chapter 7. According to the Bankruptcy Court, Code § 707(a), nevertheless, provided it with "the necessary authority to dismiss abusive filers that seek to avoid the Means Test." In its ruling, the Bankruptcy Court denied the Trustee's motion to dismiss, and granted Dudley "summary judgment" on the issue. The Bankruptcy Court did not decide, however, and has yet to decide, whether it should discharge Dudley.

The Trustee appealed to this court under 28 U.S.C. § 158(a)(1) without seeking a stay of the proceeding in the Bankruptcy Court, and this court heard oral argument on the matter. At that hearing, the court noted its concern that it might lack jurisdiction to decide the issue because the Bankruptcy Court's decision that Dudley's case was not subject to dismissal under § 707(b)(1) seemed to lack the kind of finality that would make it ripe or appropriate for appellate review. Dudley has since moved the Bankruptcy Court for the entry of a discharge order and that motion is scheduled for a hearing in that court.

## II.

After *sua sponte* considering the question, this court concludes that, without a determination that Dudley is, or is not, entitled to discharge his debts, or some other hallmark of finality, the Bankruptcy Court's determination that § 707(b) does not apply in a case converted to Chapter 7 is interlocutory, and the court should dismiss the Trustee's appeal.

"A 'final decision' generally is one which ends the litigation on the merits and leaves nothing for the court to do but execute the judgment." Catlin v. United States, 324 U.S. 229, 233 (1945). But as the Court of Appeals has noted, the concept of finality "has traditionally been applied 'in a more pragmatic and less technical way in bankruptcy cases than in other

3

situations.'" A. H. Robins Co., v. Piccinin, 788 F.2d 994, 1009 (4th Cir. 1986) (quoting In re Amatex Corp., 755 F.2d 1034, 1039 (3d Cir. 1985)). "In the bankruptcy context . . . finality is not limited to the last order that includes an entire bankruptcy case." United States v. Hillsborough Holdings Corp., 116 F.3d 1391, 1393 (11th Cir. 1997). Thus, a final judgment in the bankruptcy context includes, for example, an order that "'conclusively determine[s] a separable dispute over a creditor's claim or priority,'" even where that order does not dispose of the entire bankruptcy case. Urban Broad. Corp., v. White, 401 F.3d 236, 247 (4th Cir. 2005) (quoting In re Saco Local Dev. Corp., 711 F.2d 441, 445-46 (1st Cir. 1983) (Breyer, J.)). But even under bankruptcy's relaxed finality standards most courts that have considered the question have held that a bankruptcy court's refusal to dismiss a bankruptcy case as abusive or filed in bad faith (presumptively or otherwise) is not a final judgment.[1] See In re Donovan, 532 F.3d 1134, 1137 (11th Cir. 2008) ("[T]he weight of the circuit authority has concluded that orders denying a motion to dismiss for bad faith or abuse are not appealable."); In re: American Capital Equip., LLC, 296 Fed. Appx. 270, *4 (3d Cir. 2008) (Jordan, J. concurring) ("[M]ost of the courts of appeals to consider the issue have concluded that the denial of a motion to dismiss a bankruptcy case is not final."); In re Jartran, Inc., 886 F.2d 859, 864 (7th Cir. 1989) ("[D]enials of motions to dismiss are generally not final orders, even in the bankruptcy context."); Matter of Phillips, 844 F.2d 230, 235-36 (5th Cir. 1988); In re 405 N. Bedford Dr. Corp., 778 F.2d 1374, 1379 (9th Cir. 1985) ("[C]lassifying the denial of a motion to dismiss for bad faith filing as a final order would

---

[1] Of course, if a bankruptcy court were to deny a motion to dismiss a bankruptcy case on the record before it as premature or as a procedural step along the way to a final decision on the issue, it would seem self-evident that it is interlocutory. But these decisions have considered appeals interlocutory, even when the bankruptcy court's decision is the final adjudication of the issue in the bankruptcy court.

have an undesirable impact on the reorganization process."). Such a denial is frequently too transient in nature or otherwise susceptible to being overtaken or superseded by other proceedings in the Bankruptcy Court (as for example, proceedings in which the Bankruptcy Court might refuse to grant the debtor a discharge despite having declined to dismiss this case under § 707(b)) to accord it finality for purposes of appeal.

The court notes that there is not unanimous assent to the rule it follows. The Third Circuit, for example, held in In re Brown, 916 F.2d 120, 124 (3d Cir. 1990) that an order of a bankruptcy court denying a motion to dismiss a Chapter 11 case for bad faith *is* a final order for purposes of § 158. Yet even within the Third Circuit there is support for the rule that the denial of a motion to dismiss a bankruptcy case for abuse or bad faith is interlocutory. A judge of that court noted in a concurring opinion that, apart from circuit precedent, there is "no sound basis for exercising jurisdiction" in a case in which a bankruptcy court denies a motion to dismiss for bad faith. He believes that "to call an order denying a motion to dismiss 'final'" goes "beyond relaxation and all the way to demolition of the principle of finality." In re: American Capital, 296 Fed. Appx. at *4. Furthermore, he noted that "improperly classifying orders as final not only forces district courts to entertain interlocutory appeals, it perversely encourages parties to file multiple appeals in order to preserve their arguments for review." Id. Accordingly, he urged the Third Circuit to overrule its precedent.

The Bankruptcy Court here has not decided whether Dudley will receive a discharge. Hence, the proceedings that remain in the Bankruptcy Court are not purely ministerial. Therefore, the decision to be reviewed here is subject to being overtaken or superseded by other

proceedings in the Bankruptcy Court and hardly seems ripe for appellate review.[2]  Accordingly, the court follows the majority rule and dismisses this appeal because it is interlocutory.

### III.

For the reasons stated, the court will dismiss this appeal.

**ENTER**: This 28th day of April, 2010.

_____
UNITED STATES DISTRICT JUDGE

---

[2] The Trustee's appeal of the Bankruptcy Court's decision did not divest that court of jurisdiction to grant or deny Dudley a discharge.  See In re Sherman, 491 F.3d 948, 967 n. 24 (9th Cir. 2007) (a decision to deny a motion to dismiss is interlocutory, and absent a stay does not divest the Bankruptcy Court of jurisdiction).